Doug Johnson
Attorney for Plaintiffs
JOHNSON & ASSOCIATES, PC
330 L Street, Suite 100
Anchorage, Alaska 99501
(907) 277-3090
doug@johnsonlawak.com

Jack Garyth Poulson
Attorney for Plaintiffs
POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@poulsonwoolford.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
### AT ANCHORAGE

| | |
|---|---|
| THE ESTATE OF SCOTT MITCHELL FAAS, through its Personal Representative, ANTHONY TYK FAAS, and ANTHONY TYK FAAS, BO GERALD FAAS and KOLTEN SCOTT FAAS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> AMAK TOWING COMPANY, INC, *in personam*, and the F/V CHAHUNTA, Official Number 584389, her engines, winches, gear, and appurtenances *in rem*, <br><br> Defendants. | Case No. 3:23-CV-00096 (JMK) <br><br><br><br><br><br><br><br><br> **COMPLAINT** <br><br> **SEAMAN'S COMPLAINT WITHOUT PREPAYMENT OF COSTS, 28 U.S.C. §1916** |

Plaintiffs, the ESTATE OF SCOTT MITCHELL FAAS, through its Personal Representative, ANTHONY TYK FAAS, and ANTHONY TYK FAAS, BO GERALD FAAS and KOLTEN SCOTT FAAS, individually, through counsel, Johnson & Associates and Poulson & Woolford, allege against the above-named defendant as follows:

**PRELIMINARY ALLEGATIONS**
Jurisdiction, Venue and Parties

COMPLAINT
Estate of Faas v. AMAK Towing, et. al.
Page 1 of 6
Case 3:23-cv-00096-JMK-MMS   Document 1   Filed 04/26/23   Page 1 of 6

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

1. On or about February 25, 2022, Scott Faas drowned in the Small Boat Harbor in Seward, Alaska.

2. This action is based upon the Jones Act, 46 U.S.C. 688, and general maritime law, 46 U.S.C. 30104 *et. seq*. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. 1333.

3. Venue is proper in this Court, which is an eligible forum within the meaning of 45 U.S.C. 56, in that defendant AMAK Towing Company was conducting business in Alaska, and the actions and omissions alleged occurred in Alaska.

4. Scott Faas is survived by his three sons, Anthony Faas, Bo Faas and Kolten Faas, who are all beneficiaries of his Estate, and wrongful death beneficiaries as defined by applicable law.

5. The Estate of Scott Mitchell Faas brings this action by and through its Personal Representative, Anthony Tyk Faas. He brings this claim for personal injuries and wrongful death to a seaman without prepayment of costs pursuant to 28 U.S.C. 1916.

6. At all relevant times, defendant AMAK Towing Company, an Alaska entity doing business in Alaska, owned and operated the M/V CHAHUNTA, O.N. 584389.

7. At all relevant times, Scott Faas was employed by defendant AMAK Towing Company as a member of the crew of the M/V CHAHUNTA.

8. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as to the *in rem* defendant vessel. The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. 1333.

9. Venue is proper in this District, in that the M/V CHAHUNTA presently is, or during the pendency of this action will be, within the Federal Judicial District in

COMPLAINT
Estate of Faas v. AMAK Towing, et. al.
Page 2 of 6

Case 3:23-cv-00096-JMK-MMS   Document 1   Filed 04/26/23   Page 2 of 6

which this action has been commenced, and the subject accident occurred in this District.

## FACTS

10. Scott Faas was a member of the crew of the tug CHAHUNTA. On or about February 22, 2022, the tug transited from Kodiak, Alaska to Seward, Alaska. The vessel moored in the Small Boat Harbor on the X Float, where she remained for the next few days. Scott Faas lived on board and remained in the service of the vessel until the time of his death.

11. Early in the morning, on or about February 25, 2022, Scott Faas and a fellow crew member were returning to the CHAHUNTA. While walking on the icy X Float, Scott Faas slipped and fell into the water. His fellow crew member attempted to pull him out of the water but fell into the water as well.

12. The two crewmen were in the water between the tug and the dock but were unable to climb on to the high dock. They were able to yell enough to get the attention of the tug's engineer. The engineer was able to deploy a ladder and get one crewman on to the dock.

13. Rather than calling for help, the engineer unsuccessfully continued to try to extract Scott Faas from the frigid water. He failed to use a rescue sling, vessel machinery, or the rescue ladder mounted to the dock near the tug.

14. The engineer eventually called 911 for help, and Seward Fire and Ambulance was dispatched. The engineer left Scott Faas unattended in the water and walked to the parking lot to find the rescue team. When they returned to the vessel Scott Faas was submerged face down in the water and was unresponsive. He had been in the water approximately one and a half hours. He was transported to the hospital and declared dead.

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

COMPLAINT
Estate of Faas v. AMAK Towing, et. al.
Page 3 of 6

Case 3:23-cv-00096-JMK-MMS   Document 1   Filed 04/26/23   Page 3 of 6

## COUNT ONE: JONES ACT NEGLIGENCE

15. The death of Scott Faas, and the resulting damages to plaintiffs were directly and proximately caused by the negligence of the defendants or their agents.

16. The negligence of defendants includes, but is not limited to: the failure of defendants or their agents to employ safe man overboard recovery methods; the failure to provide adequate training; the failure to provide a safe workplace; the failure to provide a safe vessel, machinery and equipment; the failure to provide adequate safety and rescue equipment; the failure to effectuate a proper rescue operation; and such other conduct as may be disclosed upon further discovery.

## COUNT TWO: GENERAL MARITIME LAW UNSEAWORTHINESS

17. The death of Scott Faas, and the resulting damages to plaintiffs were directly and proximately caused by the unseaworthiness of the M/V CHAHUNTA.

18. The unseaworthiness of the vessel includes, but is not limited to: the failure of the vessel to have safe rescue equipment and methods in place; the failure to have a competent and trained crew able to perform effective rescue methods; the failure to provide a safe vessel, machinery and equipment; and such other deficiencies as may be disclosed upon further discovery.

## COUNT THREE: WRONGFUL DEATH

19. Plaintiff incorporates all the foregoing allegations by reference.

20. As a direct and proximate result of the aforesaid negligence and unseaworthiness, Scott Faas died after prolonged exposure to frigid Alaskan waters.

21. As a direct and proximate result of the death of Scott Faas, plaintiffs suffered substantial damages, including but not limited to; loss of wages, loss of future support and income, inheritance, funeral and memorial expenses, loss of society, loss of companionship, loss of care, comfort, protection, services, and love and affection all to their damage in an amount in excess of the jurisdictional threshold of this Court, the exact amount to be proven at trial.

COMPLAINT
Estate of Faas v. AMAK Towing, et. al.
Page 4 of 6

Case 3:23-cv-00096-JMK-MMS   Document 1   Filed 04/26/23   Page 4 of 6

## COUNT FOUR: SURVIVAL ACTION

22. Plaintiffs reallege and incorporate all the foregoing allegations by reference.

23. Prior to his death, Scott Faas suffered extreme and severe mental fear, anxiety and physical pain during the period of time he suffered in the frigid Alaskan waters before eventually being overcome by hypothermia and drowning.

24. As a result, plaintiffs are entitled in addition to those damages due them for wrongful death, to such recovery as may be warranted in a maritime survival action, including, but not limited to, damages for pre-death fear, anxiety, and suffering, in an amount in excess of the jurisdictional threshold of this Court, the exact amount to be proven at trial.

## COUNT FIVE: MARITIME LIEN

25. Plaintiffs incorporate the foregoing allegations by reference.

26. The foregoing allegations create *bona fide* maritime liens against the M/V CHAHUNTA.

27. Plaintiff is entitled to perfect said liens in this proceeding by having the vessel arrested pursuant to the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

**WHEREFORE**, plaintiffs request the following relief:

1. That plaintiffs recover special and general damages in an amount in excess of the jurisdictional threshold of this Court for each plaintiff, and against each defendant, the exact amount to be proven at trial.

2. That plaintiffs recover damages for pre-death anxiety, conscious pain and suffering and for death and resulting damages in an amount in excess of the jurisdictional threshold of this Court, the exact amount to be proven at trial.

COMPLAINT
Estate of Faas v. AMAK Towing, et. al.
Page 5 of 6

Case 3:23-cv-00096-JMK-MMS   Document 1   Filed 04/26/23   Page 5 of 6

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

3. That plaintiffs be awarded appropriate punitive damages if so warranted.

4. That a warrant of arrest issue against the M/V CHAHUNTA, her engines, tackle, winches, gear and appurtenances, and that all persons claiming any right, title, or interest therein be cited to appear and answer all the matters aforesaid.

5. That the M/V CHAHUNTA, her engines, tackle, winches, gear and appurtenances, be condemned and sold to pay the judgment.

6. That plaintiffs be awarded prejudgment interest, costs and reasonable attorney fees incurred in prosecuting this action.

7. For further relief as the Court deems just and proper.

DATED this 26th day of April, 2023, at Anchorage, Alaska.

                                  JOHNSON & ASSOCIATES
                                  330 L Street, Suite 100
                                  Anchorage, Alaska 99501
                                  (907) 277-3090
                                  doug@johnsonlawak.com

                                  By: /s/ *Doug Johnson*
                                        Doug Johnson
                                        Alaska Bar No. 9511061
                                        Attorney for Plaintiffs

DATED this 26th day of April, 2023, at Juneau, Alaska.

                                  POULSON & WOOLFORD
                                  636 Harris Street
                                  Juneau, Alaska 99801
                                  (907) 586-6529
                                  jack@poulsonwoolford.com

                                  By: /s/ *Jack Poulson*
                                        Jack Garyth Poulson
                                        Alaska Bar No. 8711104
                                        Attorney for Plaintiffs

COMPLAINT
Estate of Faas v. AMAK Towing, et. al.
Page 6 of 6

Case 3:23-cv-00096-JMK-MMS   Document 1   Filed 04/26/23   Page 6 of 6